## James Otis Law Group, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, Missouri 63017
(314) 562-0031

February 13, 2025

<u>Via ACMS</u>
Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**RE:** *Carroll v. Trump***, No. 24-644 – Response to Rule 28(j) Letter**

Dear Ms. Wolfe:

Plaintiff-Counterclaim Defendant-Appellee E. Jean Carroll's Rule 28(j) letter dated February 12, 2025, Dkt. 92.1, and its accompanying exhibit, Dkt. 92.2, are improper and should be stricken.

Rule 28(j) "*cannot* be used to submit new *evidence* to the appeals court." *DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005) (italics in original) (citing, *inter alia*, *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 & n.1 (7th Cir. 1992)). In *DiBella*, a show cause order from another case questioning the truthfulness of a defense witness was used to impeach that witness. 403 F.3d at 117. On appeal, the defendant attempted to use Rule 28(j) "to supplement the record with" a post-trial decision on the show-cause order vindicating his witness—that is, with "additional evidence [affecting] the weight of the order to show cause used to impeach" the witness. *Id.* This Court held that "Rule 28(j) … does not allow this type of evidence to be introduced for the first time on appeal." *Id.*

Carroll improperly argues that the social-media post dated February 11, 2025, attached to her letter is subject to judicial notice. But judicial notice "is merely a substitute for the conventional method of taking *evidence* to establish facts." *Grand Opera Co. v. Twentieth Century-Fox Film Corp.*, 235 F.2d 303, 307 (7th Cir. 1956) (emphasis added). Carroll wrongly claims the post is relevant because it "supports the jury's" decision, Dkt. 92.1, at 1, further confirming that she submits it as

1

proposed new evidence. As in *DiBella*, this attempt to supplement the record on appeal with new evidence is an improper use of Rule 28(j).

The proper remedy for this misuse of Rule 28(j) is to strike Carroll's letter and the accompanying exhibit. *See DiBella*, 403 F.3d at 118 ("Rule 28(j) simply does not allow this type of evidence to be introduced for the first time on appeal and therefore we grant DiBella's motion to strike it."); *Bowman*, 980 F.2d at 1107 & n.1 (granting motion to strike evidence improperly submitted through Rule 28(j)).

Dated: February 13, 2025

Sincerely,

JAMES OTIS LAW GROUP, LLC

*/s/ D. John Sauer*
D. John Sauer
13321 N. Outer Forty Road,
Suite 300
St. Louis, MO 63017
(314) 562-0031
john.sauer@james-otis.com

*Counsel for President Donald J. Trump*

cc:     All counsel via ACMS filing

2

3

## CERTIFICATE OF SERVICE

I hereby certify that, on February 13, 2025, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ D. John Sauer*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 334 words according to Microsoft Word.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface in Microsoft Word utilizing 14-point Times New Roman font.

*/s/ D. John Sauer*