

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

May 1, 2025

**BY ACMS**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: *Carroll v. Trump*, No. 24-644

Dear Ms. Wolfe:

  We write on behalf of Plaintiff-Counter Defendant-Appellee E. Jean Carroll pursuant to Federal Rule of Appellate Procedure 27(a)(3)(B) and (a)(4) in brief reply to Defendant-Counter Claimant-Appellant Donald J. Trump's April 28 submission to the extent it opposes Ms. Carroll's request for remand. Dkt. No. 112.1 ("Opp.").

  In opposing our request for a remand in the event that this Court declines to deny Trump's motion to substitute based on the plain language of the Westfall Act or because of waiver, Trump urges this Court to find that when he made the June 2019 statements denying that he sexually assaulted Carroll—an assault which a jury found did happen and in connection with which a second jury awarded Ms. Carroll $83.3 million in damages, Dkt. No. 52.1, SPA. 80-95—he was "acting within the scope of his employment" based on the "totality of the circumstances," Opp. at 9, 12. But that only proves our point why remand would be appropriate.

  In nearly every area of the law—from breach of contract to ineffective assistance of counsel to the First Amendment—when this Court is asked to apply the facts to a particular legal standard, it remands the issue to the district court for consideration in the first instance. *See, e.g.*, *Carroll v. Trump*, 66 F.4th 91, 93-94 (2d Cir. 2023) (per curiam) (remanding in this case for application of the scope-of-employment standard described by the D.C. Court of Appeals); *Adar Bays, LLC v. GeneSYS ID, Inc.*, 28 F.4th 379, 382 (2d Cir. 2022) (remanding in breach of contract case for application of New York's usuriousness standard); *United States v. Carrasco*, 771 F.

App'x 126, 127-28 (2d Cir. 2019) (remanding in criminal case for application of the *Strickland* ineffective-assistance-of-counsel standard); *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 343 (2d Cir. 2010) (remanding in First Amendment case for application of the multi-factor traditional-public-forum standard); *White Plains Coat & Apron Co. v. Cintas Corp.*, 228 F. App'x 126, 127 (2d Cir. 2007) (remanding tortious interference claim for fact finding and application of New York's economic-interest defense); *see also Romano v. Ulrich*, 773 F. App'x 654, 657 (2d Cir. 2019) (remanding in Prison Litigation Reform Act case for further factual development with respect to exhaustion).

      Trump offers no reason why this Court should depart from that standard practice here, particularly in light of the "factbound" nature of the D.C. Court of Appeals' scope-of-employment standard articulated in this case, *Carroll*, 66 F.4th at 93, not to mention the extensive factual record, which includes but is not limited to the evidentiary record at two separate jury trials presided over by the district court judge.[1]

                                          Respectfully submitted,

                                          Roberta A. Kaplan

cc:      Counsel of Record (via ACMS)

---

[1] While Trump repeatedly refers to the Westfall Act in his reply brief as a form of "immunity," *see* Opp. at 2, 3, 4, 5, 6, 8, in the vast majority of cases, it acts as grounds for substitution, not as an immunity or bar to recovery, *see, e.g.*, *De Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).

2