UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-644

**Caption** [use short title]

**Motion for:** Administrative Stay of further proceedings

Carroll v. Trump

Set forth below precise, complete statement of relief sought:

Stay of further proceedings and temporary administrative stay, including of oral arguments scheduled for June 24, 2025, pending appeals of Westfall Act order.

**MOVING PARTY:** Donald Trump                **OPPOSING PARTY:** E. Jean Carroll

☐ Plaintiff    ☐ Defendant
☒ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** Justin D. Smith          **OPPOSING ATTORNEY:** Roberta A. Kaplan

[name of attorney, with firm, address, phone number and e-mail]

James Otis Law Group, LLC; 530 Maryville Centre Dr.,     Kaplan Martin; 1133 Avenue of the Americas, Suite 1500
Suite 230, St. Louis, MO 63141; (314) 949-3018;          New York, NY 10036; (212) 316-9500;
justin.smith@james-otis.com                              rkaplan@kaplanmartin.com

Court- Judge/ Agency appealed from: U.S. District Court, Southern District of New York; Hon. Lewis Kaplan

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☒ Yes  ☐ No  ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ☒ No
Has this relief been previously sought in this court?  ☐ Yes  ☒ No

Requested return date and explanation of emergency: June 20, 2025
Relief has not been sought in the court below.

Is the oral argument on motion requested?  ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☒ Yes  ☐ No  If yes, enter date: June 24, 2025

**Signature of Moving Attorney:**
Justin D. Smith  *Digitally signed by Justin D. Smith Date: 2025.06.19 13:08:57 -05'00'*   **Date:** June 19, 2025   **Service:** ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

E. JEAN CARROLL,

        *Plaintiff-Appellee,*

v.

PRESIDENT DONALD J. TRUMP,

        *Defendant-Appellant.*

No. 24-644

**EMERGENCY MOTION OF THE UNITED STATES AND PRESIDENT TRUMP FOR STAY AND REQUEST FOR TEMPORARY ADMINISTRATIVE STAY**

**RELIEF REQUESTED BY: June 20, 2025**

On April 11, 2025, the Attorney General, by and through her designee, certified that President Trump was acting within the scope of his federal office or employment at the time of his 2017 statements, made from the White House, which form the basis of Plaintiff-Appellee's claims in the pending appeal. Doc. 107.2. That same day, the United States and President Trump jointly moved to substitute the United States as a defendant for President Trump pursuant to the certification. Doc. 107.1. By operation of law, substitution is required because the action is "deemed an action against

the United States ... and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

More than two months have passed since the Attorney General's certification and the Motion to Substitute the United States as the defendant in this case. The Court referred the Motion to Substitute to the merits panel on April 16, 2025, just two business days after receiving it. Doc. 108. Briefing concluded on the Motion to Substitute on April 28, 2025. Doc. 112. Then, seven weeks passed without the panel ruling on the Motion to Substitute.

Yesterday, just three business days before oral argument is scheduled to be held on June 24, 2025, the panel of this Court, which is scheduled to hear the pending appeal, issued a four-sentence order denying the Motion to Substitute. Doc. 124. The panel's order did not contain any reasoning. *See id.* Instead, the panel said that it "will issue an opinion detailing its reasoning in due course." *Id.*

The United States and President Trump are entitled to immediate review of the panel's erroneous Westfall Act decision by this Court *en banc* and, if necessary, by the Supreme Court. By not publishing its reasoning, the panel has effectively denied the United States and President Trump the opportunity to seek immediate appellate review of the basis of its decision, including prior to oral argument of the appeal at which the United States

2

should be the defendant. This result is significant because an appeal on immunity grounds "*automatically stays* any further proceedings that would move this case towards trial or impose additional burdens of litigation on Defendant." *United States v. Trump*, 706 F. Supp. 3d 91, 93 (D.D.C. 2023) (emphasis added).

Denying immediate appellate review and proceeding with oral argument irreparably harms the United States and President Trump. In particular, President Trump will be irreparably harmed by continued proceedings in this Court because he will be "subject[ed] … to the burden of defending a suit …, a burden from which [the Westfall Act spares him]." *Osborn v. Haley*, 549 U.S. 225, 238-39 (2007) (citation omitted). Indeed, "[t]he essence of immunity 'is its possessor's entitlement not to have to answer for his conduct' in court." *Trump v. United States*, 603 U.S. 593, 630 (2024) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985)). The United States will be irreparably harmed because a government employee is being deprived of statutory protections. The Court should thus enter a stay under the standard for stays pending appeal and/or its own inherent authority.

The United States and President Trump respectfully request that the Court rule on this motion by June 20, 2025 and stay proceedings, including oral argument, until at least 10 days after the appeals of the Westfall Act

3

order are exhausted, including to the Supreme Court, if necessary. They also request an administrative stay pending the Court's ruling on this motion. Plaintiff-Appellee opposes this motion and asked that the email containing her position be attached. *See* Exhibit 1.

## ARGUMENT

The Court should stay proceedings under the standard for stays pending appeal and/or its own inherent authority. The United States and President Trump are entitled to immediate appellate review of the panel's Westfall Act decision. Proceedings should be stayed until the United States and President Trump have received the panel's reasoning and an opportunity to seek appellate review of that reasoning.

### I. The Court Should Stay Proceedings Under the Standard for Stays Pending Appeal.

Four factors govern a motion for stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). All four factors support a stay here.

4

### A. The United States and President Trump Are Likely To Prevail on Appeal.

The panel of this Court has not yet provided its reasoning for its erroneous denial of the Motion to Substitute. But the law is clear that, by operation of law, the United States has been substituted as the party defendant in this case in place of President Trump. *See* 28 U.S.C. § 2679(d)(1). Thus, the United States and President Trump are likely to prevail in an appeal of the panel's erroneous decision denying the Motion to Substitute.

Under the Westfall Act, when the Attorney General certifies that a defendant was acting within the scope of his federal office or employment at the time of the event(s) out of which a claim arose, the action "shall be deemed" to be an action "against the United States under the provisions of [Title 28]." 28 U.S.C. § 2679(d)(1), (d)(2). Once a Westfall Act certification is issued, the action "shall proceed in the same manner as any action against the United States filed pursuant to [28 U.S.C. § 1346(b)] and shall be subject to the limitations and exceptions applicable to those actions." *Id.* § 2679(d)(4).

As required by the Westfall Act, certification by the Attorney General that a defendant was acting within the scope of his federal office or

5

employment changes the identity of the parties to the litigation. By operation of law, as the Supreme Court has recognized, the federal employee or officer who was originally sued "is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Osborn*, 549 U.S. at 230; *see also* 28 U.S.C. § 2679(d)(1), (d)(2).

The Attorney General certified that President Trump was acting within the scope of his federal office or employment at the time of his 2017 statements, made from the White House, out of which Plaintiff-Appellee's claims arose. Doc. 107.2. As a result, the United States should have been substituted as a defendant in place of President Trump. The Court thus erred in denying the Motion to Substitute.

### B. The United States and President Trump Will Suffer Irreparable Injury.

The United States and President Trump will suffer irreparable harm by being denied the ability to seek immediate appellate review of the panel of this Court's order rejecting the Westfall Act certification because the panel elected not to provide its reasoning in its order. As the Supreme Court recognized, "rejection of certification and substitution effectively denied [the federal employee] the protection afforded by the Westfall Act, a measure designed to immunize covered federal employees not simply from liability,

6

but from suit." *Osborn*, 549 U.S. at 238. As a result, "the Courts of Appeals are unanimous in holding that orders denying Westfall Act certification and substitution are amenable to immediate review under *Cohen* [*v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)]." *Id.* at 239 (citing cases from every circuit, including *McHugh v. Univ. of Vermont*, 966 F.2d 67, 69 (2d Cir. 1992), *abrogated by Osborn*, 549 U.S. 225). Notably, the Supreme Court has "confirm[ed] that the Courts of Appeals have ruled correctly on this matter." *Id.*

The collateral order doctrine set forth in *Cohen* permits interlocutory appeals "when they have a final and irreparable effect on the rights of the parties." *Cohen*, 337 U.S. at 545. Thus, by holding that Westfall Act certification denials "are amendable to immediate review under *Cohen*," *Osborn*, 549 U.S. at 239, the Supreme Court has concluded that Westfall Act denials have "irreparable effect" on the rights of the United States and the federal employee.

Because the panel of this Court has not yet provided its reasoning for denying the Attorney General's certification under the Westfall Act in this case, the United States and President Trump have been effectively denied the opportunity to pursue immediate appellate review. Here, the Westfall Act

7

decision came just three business days before oral argument, and more than seven weeks after the parties completed briefing on the Motion to Substitute.

President Trump will be irreparably harmed by moving forward with the upcoming oral argument before the panel's erroneous Westfall Act order can be appealed. The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn*, 549 U.S. at 229. The Westfall Act's "core purpose … is to relieve covered employees from the cost and effort of defending the lawsuit, and to place those burdens on the Government's shoulders." *Id.* at 252. As the Supreme Court recently explained, "[t]he essence of immunity 'is its possessor's entitlement not to have to answer for his conduct' in court." *Trump*, 603 U.S. at 630 (quoting *Mitchell*, 472 U.S. at 525). President Trump will suffer irreparable harm because he will be "subject[ed] … to the burden of defending a suit …, a burden from which [the Westfall Act spares him]." *Osborn*, 549 U.S. at 238-39 (citation omitted). Likewise, the United States will be irreparably harmed because a government employee is being deprived of statutory protections.

### C. Plaintiff-Appellee Will Not Be Substantially Injured.

A stay pending further appeals will not substantially injure Plaintiff-Appellee. The district court has approved a supersedeas bond in the unlikely

8

event that Plaintiff-Appellee ultimately prevails in this appeal. *See* D.Ct. Dkt. 324. Because of the supersedeas bond, Plaintiff-Appellee will not be substantially injured by a stay to allow the panel of this Court to provide its reasoning for its erroneous Westfall Act decision and the United States and President Trump to seek appellate review in response to the Court *en banc* and, if necessary, to the Supreme Court.

### D. The Public Interest Supports a Stay.

"The purpose of immunity—absolute or qualified—is not to protect erring federal officials from the consequences of their injurious acts, but to safeguard the public interest in having responsible governmental employees faithfully carry out their duties without fear of protracted litigation in unfounded damage suits." *Aversa v. United States*, 99 F.3d 1200, 1203 (1st Cir. 1996). This is especially true when the federal employee is the President. As the Supreme Court emphasized, there "exists the greatest public interest" in providing the President with " 'the maximum ability to deal fearlessly and impartially with' the duties of his office." *Trump*, 603 U.S. at 611 (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 752 (1982)). Staying proceedings here to resolve important immunity questions raised by the President is certainly in the public interest.

## II. The Court Should Stay Proceedings Under Its Own Inherent Authority.

In the alternative, the Court has "inherent power to control the proceedings that take place before this Court." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). This includes the "power to stay an action." *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*, 269 F. Supp. 2d 356, 364 (S.D.N.Y. 2003) (citing cases).

This Court should exercise its inherent authority to stay proceedings until the panel issues its opinion rejecting the Attorney General's Westfall certification, so that the United States and President Trump can seek appellate review. In other instances in which the Court has promised that an opinion would issue "in due course," the opinion has arrived months and even more than one year later. *See, e.g.*, *AngioDynamics, Inc. v. Biolitec, Inc.*, 775 F.3d 550, 551 n.1 (2d Cir. 2015) (per curiam) (August 23, 2013 order, January 9, 2015 opinion); *In re Nassau Cnty. Strip Search Cases*, 783 F.3d

10

414, 417 (2d Cir. 2015) (per curiam) (December 23, 2014 order, April 17, 2015 opinion). Without a stay, the United States and President Trump will be effectively denied their right, recognized by the Supreme Court and every Circuit, to immediate appellate review of the rejection of the Attorney General's Westfall certification. Respectfully, the Court should issue a stay to allow the United States and President Trump to exercise their appellate rights.

## **CONCLUSION**

The United States and President Trump respectfully request that the Court rule on this motion by June 20, 2025 and stay further proceedings in this action, including the upcoming oral argument, until at least 10 days after the appeals of the Westfall Act order are exhausted, including, if necessary, to the Supreme Court. In addition, the United States and President Trump respectfully request that the Court enter a temporary administrative stay pending the Court's resolution of this motion.

11

Dated:  June 19, 2025

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

*/s/ Jonathan D. Guynn*
Jonathan D. Guynn
Deputy Assistant Attorney General
Torts Branch, Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC  20503
(202) 514-7835
*jonathan.guynn@usdoj.gov*


*/s/ Justin D. Smith*
Justin D. Smith
James Otis Law Group, LLC
530 Maryville Centre Drive
Suite 230
St. Louis, Missouri 63141
(816) 678-2103
*Justin.Smith@james-otis.com*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 2,223 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Georgia, a proportionally spaced typeface.

*/s/ Justin D. Smith*
Justin D. Smith

13