# United States Court of Appeals

# For the Second Circuit

---

August Term 2024

Argued: June 24, 2025
Decided: August 8, 2025

No. 24-644

---

E. JEAN CARROLL,

*Plaintiff-Appellee,*

*v.*

DONALD J. TRUMP, in his personal capacity,

*Defendant-Appellant,*

UNITED STATES OF AMERICA,

*Movant.* *

---

---

\* The Clerk's Office is respectfully directed to amend the caption as reflected above.

Appeal from the United States District Court

for the Southern District of New York

No. 1:20CV07311,

Lewis A. Kaplan, *Judge*.

Before:    CHIN, MERRIAM, and KAHN, *Circuit Judges*.

On April 11, 2025, after this appeal was fully briefed, defendant-appellant President Donald J. Trump and the government jointly moved to substitute the United States as a party to this appeal pursuant to the Westfall Act, 28 U.S.C. § 2679(d). Attached to the motion was an April 11, 2025, certification by a delegate of the Attorney General that Trump was acting in the scope of his office or employment at the time the statements underlying this defamation action were made.

Plaintiff-appellee E. Jean Carroll opposed the motion, contending that substitution under the Westfall Act on appeal is barred by the statute's text and that Trump waived any right to seek substitution by failing to petition the District Court before trial.

On June 18, 2025, this Court issued an order denying the motion. We write now to articulate our reasoning for that denial. Specifically, we conclude that the motion is statutorily barred by the text of the Westfall Act, that both Trump and the government waived any right to now move for substitution by failing to timely petition the District Court, and that, in any event, principles of equity warrant denying the belated motion.

Michael E. Talent, James Otis Law Group, LLC, St. Louis, MO, *for Defendant-Appellant*.

Roberta A. Kaplan, D. Brandon Trice, Maximilian T. Crema, Thomas A. Lloyd, Avita Anand, Kaplan Martin LLP, New York, NY, *for Plaintiff-Appellee*.

2

Jonathan D. Guynn, Deputy Assistant Attorney General, U.S. Department of Justice, *for* Yaakov Roth, Acting Assistant Attorney General, Civil Division, Washington, D.C., *for Movant*.

PER CURIAM:

On April 11, 2025, after this appeal was fully briefed, defendant-appellant President Donald J. Trump and the government ("the Movants") jointly moved to substitute the United States as a party to this appeal pursuant to the Westfall Act, 28 U.S.C. § 2679(d).  Attached to the motion was an April 11, 2025, certification by a delegate of the Attorney General that Trump was acting in the scope of his office or employment at the time he made the statements underlying this defamation action.

Plaintiff-appellee E. Jean Carroll opposed the motion, contending that substitution under the Westfall Act on appeal is barred by the statute's text and that Trump waived any right to seek substitution by failing to petition the District Court before trial.

On June 18, 2025, this Court denied the motion.  We write now to articulate our reasoning for that denial.  Specifically, we denied the motion for three independent reasons.  First, the motion is statutorily barred by the text of the

Westfall Act.  Second, even assuming it was not statutorily barred, both Trump and the government waived any right to now move for substitution by failing to request substitution after the case returned to the District Court following earlier appellate proceedings.  Finally, and in any event, principles of equity counsel in favor of denying the belated motion.

## I.    <u>BACKGROUND</u>

On November 4, 2019, Carroll filed this action in New York state court, asserting a single count of defamation *per se* against Trump in his individual capacity, based on statements he made in June 2019 during his first term as President of the United States.  The litigation proceeded in state court until September 2020 when then-Attorney General William Barr, through his delegate, certified that Trump had been acting within the scope of his employment when he made the statements, removed the case to the United States District Court, and filed a motion pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), seeking to substitute the United States as the defendant.  *See Carroll v. Trump*, 1:20CV07311(LAK) (S.D.N.Y. Sept. 8, 2020), ECF Nos. 1, 3.  Certification is conclusive for purposes of the removal to federal court, but the question of substitution is subject to judicial review.  *See De Martinez v. Lamagno*, 515 U.S.

4

417, 433-34 (1995).  Upon such review, the District Court denied the motion to substitute.  *See Carroll v. Trump*, 498 F. Supp. 3d 422, 430 (S.D.N.Y. 2020).

Trump filed an interlocutory appeal from that ruling, and on September 27, 2022, a divided panel of this Court reversed in part, vacated in part, and certified a question to the D.C. Court of Appeals.  *See Carroll v. Trump*, 49 F.4th 759 (2d Cir. 2022).  Specifically, this Court (1) reversed the District Court's finding that Trump was not an "employee of the Government" under the Westfall Act; (2) vacated the District Court's determination that Trump was not acting within the scope of his employment when he made the statements at issue; and (3) certified the scope-of-employment question to the D.C. Court of Appeals. *See id.* at 761, 770, 781.[1]

On April 13, 2023, the D.C. Court of Appeals clarified the scope of the doctrine of *respondeat superior* under District of Columbia law but declined to resolve the ultimate question of whether Trump was acting within the scope of his employment when he made the statements underlying Carroll's defamation claim.  *See Trump v. Carroll*, 292 A.3d 220, 240 (D.C. 2023).  We then remanded

---

[1] The day after this Court's decision, Trump moved the District Court to stay the proceedings and substitute the United States as defendant pending decision by the D.C. Court of Appeals.  The District Court declined to do so.

this matter to the District Court with instructions for it to apply the clarified D.C. law to the facts of this case. *See Carroll v. Trump*, 66 F.4th 91, 94 (2d Cir. 2023) (per curiam).

On remand, the government filed a letter contending: "[T]he prior certification and motion to substitute have been overtaken by events. The Attorney General should therefore be given the opportunity to decide anew whether to certify that Mr. Trump was acting within the scope of his office as President at the time of the incidents out of which the plaintiff's claim arose, and to do so with respect to the allegations that are set forth in the operative complaint." *Carroll v. Trump*, 1:20CV07311(LAK) (S.D.N.Y. June 9, 2023), ECF No. 166 at 1. On June 13, 2023, the District Court granted this request:

> In all the circumstances, any further submission by the United States (including any new or amended certification and/or motion to substitute) and/or the defendant with respect to substitution of the United States for the defendant shall be served and filed no later than July 13, 2023.

*Carroll v. Trump*, 1:20CV07311(LAK) (S.D.N.Y. June 13, 2023), ECF No. 169 at 1-2.

In response, on July 11, 2023, the government notified the District Court:

> [I]n light of the D.C. Court of Appeals' clarification of the standard for respondeat superior liability under D.C. law, *see Trump v. Carroll*, 292 A.3d 220 (D.C. 2023), as well as new factual developments, the Department of Justice is declining to certify under the Westfall Act, 28 U.S.C. § 2679(d), that defendant Donald J. Trump was acting within

the scope of his office and employment as President of the United States when he made the statements that form the basis of the defamation claims in plaintiff's Amended Complaint in this action.

*Carroll v. Trump*, 1:20CV07311(LAK) (S.D.N.Y. July 11, 2023), ECF No. 177-1 at 1.

No further action was taken in the District Court by Trump or the government regarding Westfall Act substitution. The case proceeded to trial, and in January 2024, the jury rendered a verdict in Carroll's favor.

Trump appealed. On January 20, 2025, Trump was sworn into office for his second term as President. On April 11, 2025 – when Trump had been President for nearly three months and this appeal had been fully briefed for nearly two months – Trump and the government jointly moved in this Court to substitute the United States as a party under the Westfall Act. We issued an order on June 18, 2025, in advance of oral argument, denying the motion. We write to explain the bases for that decision.[2]

## II.    DISCUSSION

### A.    The motion to substitute is untimely under the Westfall Act.

Carroll argues that the Westfall Act does not "envision certification on

---

[2] It is "common practice" for this Court to resolve a pending motion and later issue an opinion expounding on its reasoning. *Hassoun v. Searls*, 976 F.3d 121, 129 & n.4 (2d Cir. 2020) (collecting cases).

appeal after trial." Opp'n at 4. We agree, in the circumstances presented here.

The Westfall Act, 28 U.S.C. § 2679,[3] permits the United States, in certain circumstances, to be substituted as a party in a lawsuit against a federal employee alleging that the employee committed tortious conduct in the course of his employment. *See Carroll*, 49 F.4th at 765. "[S]ubstituting the defendant with the United States . . . mak[es] the action against the United States under the FTCA the exclusive means of recovery for the injured individual in tort." *Id.*

The statute provides three avenues for substitution. For actions initiated in federal court, § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States

---

[3] The Federal Tort Claims Act ("FTCA") was amended, by way of the Federal Employees Liability Reform and Tort Compensation Act of 1988, to include the statute we refer to as the Westfall Act. The Westfall Act was enacted in direct response to the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292 (1988), in which the Court held that "to gain immunity from suit for a common-law tort, a federal employee would have to show (1) that he was acting within the scope of his employment, and (2) that he was performing a discretionary function." *De Martinez*, 515 U.S. at 425-26. Congress responded through the Westfall Act, and "delete[d] the 'discretionary function' requirement, finding it an unwarranted judicial imposition." *Id.* at 426. The purpose of the Westfall Act was to "return Federal employees to the status they held prior to the *Westfall* decision." *Id.* (quoting H.R. Rep. No. 100-700, p.4 (1988)).

shall be substituted as the party defendant.

For actions like this one that are initiated in state court, § 2679(d)(2) provides for removal of the action to federal court, and then for a substantially similar method for substitution:

> Upon certification by the Attorney General . . . , any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2); *see also Osborn v. Haley*, 549 U.S. 225, 240-41 (2007) (discussing the application of § 2679(d)(1) to suits filed in federal court and § 2679(d)(2) to suits filed in state court).

Under the plain language of the statute, substitution under either § 2679(d)(1) or § 2679(d)(2) is contingent upon certification by the Attorney General.  Section § 2679(d)(3), on the other hand, provides an opportunity for substitution where the employee does *not* have a certification from the Attorney General:

> In the event that the Attorney General has refused to certify scope of

office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(3). Certification under either § 2679(d)(1) or (d)(2) "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *De Martinez*, 515 U.S. at 434; *accord Carroll*, 49 F.4th at 765-66; *Bowles v. United States*, 685 F. App'x 21, 23 (2d Cir. 2017) (summary order). Rather, it remains for the court to consider any objections, and to determine whether "the Attorney General's scope-of-employment certification" is correct. *De Martinez*, 515 U.S. at 437.

The motion for substitution before us is properly analyzed under § 2679(d)(2) because Carroll's suit was "commenced . . . in a State court," and the motion attaches a certification by the Attorney General's delegate. Section 2679(d)(2) contains a timing restriction: "Upon certification by the Attorney General . . . , any civil action or proceeding commenced . . . in a State court shall be removed . . . at any time *before trial* by the Attorney General." *Id*. § 2679(d)(2) (emphasis added). This motion was filed after trial, and before this Court, during the pendency of Trump's appeal; Carroll argues that the motion is

10

therefore untimely under the statute.  *See* Opp'n at 4-5.

The Movants disagree, asserting that § 2679(d)(2)'s "before trial" limitation applies only to the initial act of removal and that the statute contains no express prohibition on a later post-removal *re*certification by the Attorney General.  The Movants further argue that because § 2679(d)(1), which governs substitution in actions commenced in federal court, contains no express timing restriction, imposing an "any time before trial" limitation on motions filed pursuant to § 2679(d)(2) would unreasonably treat substitution motions differently depending on the forum in which the suit was originally filed.  *See* Reply at 3-5. We are not persuaded for a number of reasons.

### 1.    Plain language of the statute

The "before trial" language in § 2679(d)(2) places a timing restriction on both the certification by the Attorney General *and* the removal of the suit from state court to federal court.  That is because, by operation of statute, the impetus for the removal – which must be accomplished before trial – is the certification. In other words, it is the certification itself that prompts the removal in the first instance.  Without certification, there is no removal.  *See* § 2679(d)(2) ("Upon certification . . . any civil action or proceeding commenced upon such claim in a

State court shall be removed without bond at any time before trial."); *see also De Martinez*, 515 U.S. at 431-32 ("If the case was initiated by the tort plaintiff in state court, the Attorney General is to remove it to the federal court.").  It is undisputed and indisputable that *removal* must be accomplished before trial; as such, the *certification* must be made before trial, too.

Even if § 2679(d)(2) did not apply to the instant motion, the Attorney General's 2023 rescission of his certification, at the very least, placed this case within the ambit of § 2679(d)(3)'s requirements.  Under that provision, too, the motion is untimely.  The plain language of § 2679(d)(3), which governs cases in which the Attorney General has not certified that an employee was acting within the scope of his employment, also requires any substitution motion to be made before trial: "[T]he employee may at any time *before trial* petition the court to find and certify that the employee was acting within the scope of his office or employment."  § 2679(d)(3) (emphasis added).   Section 2679(d)(3) does not distinguish between suits based on whether they were filed originally in state or federal court.  Thus, regardless of whether an employee is sued in federal or state court and petitions for substitution pursuant to § 2679(d)(3), he must do so before trial.

Adopting the Movants' position – that certification and substitution pursuant to § 2679(d)(2) and (d)(3) may occur at any time, even after trial – would require us to ignore the clear timing requirement contained in both of these provisions. The Movants' interpretation that the time limitation does not apply would read the words "at any time before trial" out of the statute, running afoul of the well-settled rule that "[i]t is our duty 'to give effect, if possible, to every clause and word of a statute.'" *United States v. Menasche*, 348 U.S. 528, 538-539 (1955) (quoting *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883)).

### 2. Statutory purpose of the Westfall Act

The broader role and purpose of the Westfall Act also compellingly support our conclusion that substitution motions pursuant to § 2679(d)(2) and (d)(3) must be made before trial. Invocation of the Westfall Act, and substitution of the United States, "supplant[s] the jury in covered cases" because FTCA cases are subject to bench trials. *Osborn*, 549 U.S. at 252. Logically, the substitution under either subsection must occur prior to trial. Supplanting the jury as factfinder has little utility in a case, like this one, that has already been tried to a jury. Moreover, the Supreme Court has explained that "[t]he Westfall Act's core purpose also bears on the appropriate trier of any facts essential to certification.

That purpose is to relieve covered employees from the cost and effort of defending the lawsuit, and to place those burdens on the Government's shoulders." *Id.*; *see also* H.R. Rep. No. 700, at 3 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5945, 5946-47 (statement of Deputy Assistant Attorney General Robert L. Wilmore) ("The prospect of routinely compelling Federal employees to subject their personal resources to the lottery of a jury trial will leave them uncertain and intimidated in the performance of any official duties that might expose them to potentially ruinous personal liability.").  In other words, Westfall Act substitution is in the nature of an immunity from suit, and "[i]mmunity-related issues, the Court has several times instructed, should be decided at the earliest opportunity." *Id.* at 253 (citing *Hunter v. Bryant,* 502 U.S. 224, 228 (1991) (per curiam) ("Immunity ordinarily should be decided by the court long before trial."), and *Anderson v. Creighton,* 483 U.S. 635, 646, n.6 (1987) ("[I]mmunity questions should be resolved at the earliest possible stage of litigation.")).  We are many years removed from "the earliest opportunity."[4]

---

[4] Indeed, the Movants' attempt to certify Trump at this late stage of the litigation would have been foreclosed under the Federal Drivers Act, the predecessor to the Westfall Act.  *See* 75 Stat. 539 (previously codified at 28 U.S.C. § 2679(d) (1982 ed.)).  That is because, under the Federal Drivers Act, federal courts were required to remand removed cases to state court upon a determination that the federal employee was not acting within the scope of his employment.  *See id.*  We

### 3. Second Circuit precedent interpreting similar language

Our conclusion is also supported by this Court's prior case law analyzing a related statutory provision with substantially similar language, 42 U.S.C. § 233(c).  *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76 (2d Cir. 2005).  In *Celestine*, the plaintiff sued Mount Vernon Neighborhood Health Center ("Mount Vernon") in state court, alleging that Mount Vernon was negligent and committed malpractice.  *See id.* at 78.  When Mount Vernon failed to respond or otherwise appear, Celestine moved for a default judgment.  *See id.* Approximately one month later, the Attorney General certified pursuant to 28 U.S.C. § 2679 that "Mount Vernon was acting within the scope of its defined employment as an employee of the United States at the time of the alleged malpractice and that, pursuant to 42 U.S.C. § 233(g), any claims against" it must be brought under the FTCA.  *Id.*

After removal, Celestine argued that the certification was untimely under § 233(l), which provides a 15-day window for the Attorney General to advise a

do not think that Congress omitted this provision from the Westfall Act to permit the Attorney General to do what it is trying to do here—recertify at any time in a removed case "whenever her view of the law or facts has changed."  Reply at 4. Rather, as the Supreme Court observed in *De Martinez*, "Congress likely omitted this provision . . . because it had decided to foreclose needless shuttling of a case from one court to another."  515 U.S. at 434 n.10.

state court whether the defendant was an employee of a public health service.

*See id.* at 79.  The government countered that removal was timely under the broader language of § 233(c), which provides:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond *at any time before trial* by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

42 U.S.C. § 233(c) (emphasis added); *see Celestine*, 403 F.3d at 80-81.  We agreed with the government that § 233(c) applied, holding that "if the Attorney General does not act [under § 233(l)] within fifteen days after receiving notice, § 233(c) remains a viable avenue for certification and removal by the Attorney General, even after those fifteen days – provided that the Attorney General acts *before the beginning of the state court trial*."  *Id.* at 81 (emphasis added).  We later reiterated that certification must occur before trial: "The Government can, therefore, choose to remove a case from state court by proceeding pursuant to § 233(c).  (If so, the Attorney General, or his designee, must, at *any time before the state trial begins*, formally certify the status of the named defendant as a federal employee.)."  *Id.* at 82 (emphasis added).

The text of § 233(c), which applies to federally funded public health centers, is substantively identical to § 2679(d)(2). Both statutes provide that upon the Attorney General's certification, a suit in state court "shall be removed without bond at any time *before trial* by the Attorney General." *Compare* § 233(c), *with* § 2679(d)(2) (emphasis added). We held in *Celestine* that the plain text of § 233(c) requires pre-trial certification. There is no principled reason to read the identical language in § 2679(d)(2) any differently. *See Northcross v. Bd. of Ed. of Memphis City Sch.*, 412 U.S. 427, 428 (1973) (the "similarity of language in" two related statutes "is . . . a strong indication that the two statutes should be interpreted" in the same way).

### 4. Weight of authority in other federal courts

The weight of authority in other courts, though not binding on us, likewise supports our conclusion. Federal courts have consistently interpreted the subsections of § 2679(d) as requiring certification before trial. *See, e.g., Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991) ("[C]hallenges to the Attorney General's certification must be resolved before trial, as soon after the motion for substitution as practicable, even if an evidentiary hearing is needed to resolve relevant fact disputes."); *Harper v. United States Dep't of the Interior*, No.

17

1:21CV00197(CRK), 2022 WL 425058, at *4 n.5 (D. Idaho Feb. 11, 2022) ("Although

28 U.S.C. § 2679(d)(1) does not explicitly provide a time period to file a

certification, the Court sees no reason to apply a different time constraint for

subsection (d)(1) than the statute provides under subsections (d)(2) and (d)(3),

which permit certifications to be filed at any time before trial."); *Fajardo v. United*

*States Dep't of State*, No. 3:16CV02980(LAB)(MDD), 2018 WL 539084, at *1 n.1

(S.D. Cal. Jan. 23, 2018) ("The only time limit for this certification [under

subsection (d)(1) or (d)(3)] is that it must be made before trial.").

*    *    *

In sum, the statute's plain text, context, and purpose; our own precedent

analyzing similar statutory language; and the weight of authority in other federal

courts all support one conclusion.  A motion for substitution pursuant to

§ 2679(d)(2) or (d)(3) must be made *before trial*.  The motion to substitute here,

filed after entry of a verdict at trial and during the pendency of the appeal, is

therefore statutorily barred.

### B.    The Movants waived their rights to move for substitution.

Carroll next contends that "Trump waived any right to seek substitution

when he failed to timely petition the district court pursuant to subsection (d)(3)

for certification in 2023."  Opp'n at 5.  Again, we agree.  Even if the motion were

18

not statutorily barred, Trump and the government have both waived their rights to move for substitution.

We begin with Trump's waiver. "Waiver" occurs when a litigant "intentional[ly] relinquish[es] . . . a known right." *Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 117 n.10 (2d Cir. 2023); *see also United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015) (True waiver results "only from a defendant's intentional decision not to assert a right."). Trump could have sought substitution after the government declined to issue a pre-trial certification in July 2023 by petitioning the District Court under § 2679(d)(3). That provision provides that if "the Attorney General has refused to certify scope of office or employment under this section, the *employee* may at any time *before trial* petition the court to find and certify that the employee was acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(3) (emphases added).

But Trump – the "employee" under this language – waived his right to petition for certification under that subsection. As set forth in detail above, after the D.C. Court of Appeals clarified the standard for *respondeat superior* liability, we remanded for the District Court to apply D.C. law to this case. *See Carroll*, 66 F.4th at 94. The District Court then provided both Trump and the government

an opportunity to make further submissions on the issue of Westfall Act substitution – including "any new or amended certification and/or motion to substitute" by July 13, 2023. *Carroll v. Trump*, 1:20CV07311(LAK) (S.D.N.Y. June 13, 2023), ECF No. 169 at 1-2. On July 11, 2023, the Attorney General declined to certify that Trump was acting within the scope of his employment at the time the statements were made. *See* Opp'n, Ex. A. Trump could have moved, at that time, under § 2679(d)(3). He declined to do so. Indeed, at no time after the remand did Trump file anything regarding substitution in the District Court. By declining to seek such relief, Trump waived his right to now bring this motion.[5]

The government likewise waived its right to bring this motion and its belated *re*certification. The government followed the statutory procedure set forth in § 2679(d)(2) in 2020 when it certified that Trump was acting within the scope of his federal employment and removed the suit from state to federal court. But in 2023, when the question arose again, on a new legal and factual

---

[5] Trump argues that the District Court's July 13, 2023, deadline "did not curtail the Attorney General's statutory authority to issue a Westfall Act certification." Reply at 7. But the Attorney General *exercised* that authority by declining to issue a certification on July 11, 2023 – within the District Court's deadline. In any event, whether or not the District Court's July 13, 2023, deadline was binding, Trump did not move for substitution under the *statutory* "before trial" deadline, which certainly is binding.

record, the government determined that certification was *not* appropriate.  The

Movants contend that "in the unusual circumstances where an Attorney General

withdrew certification, nothing in Section 2679(d)(2) prevents that Attorney

General—or a subsequent one—from later recertifying because her view of the

law or facts has changed."  Reply at 4.  But our law of waiver does not permit a

party to withdraw an objection in the district court and then attempt to reassert

that objection on appeal, with the benefit of hindsight.  *See Spruill*, 808 F.3d at 597

("We have identified waiver where a party asserts, but subsequently withdraws,

an objection in the district court.").  The government determined that certification

was not appropriate under the *respondeat superior* standard as clarified by the

D.C. Court of Appeals and explicitly so advised the District Court.  It cannot now

change course on appeal.  The government has waived its right to bring this

belated motion.[6]

---

[6] We have exercised our discretion to reach waived issues only "to avoid
manifest injustice or if the argument presents a question of law and there is no
need for additional fact-finding."  *Commack Self-Serv. Kosher Meats, Inc. v. Hooker*,
680 F.3d 194, 208 n.11 (2d Cir. 2012).  Neither exception applies here.

Permitting the extremely belated motion to substitute would result in manifest
injustice to Carroll, while finding it waived wreaks no such injustice on Trump.
Trump has vigorously litigated this action without substitution through able
counsel of his choosing.  Requiring him to remain in the case at this late stage
does no injustice.

### C.    As a matter of fairness, the motion must be denied as untimely.

The parties have litigated this case extensively for more than five years,

through multiple courts.  Liability was determined at the summary judgment

stage; the matter then proceeded to a jury trial on the issue of damages, and the

jury returned a verdict of $83.3 million in favor of Carroll.  After being sworn

into office for a second term as President on January 20, 2025, and throughout the

briefing in this appeal, neither Trump nor the government moved for

substitution.

The practical impact of permitting the Movants' untimely motion to

substitute would be to unwind those five years of litigation and a duly-rendered

jury verdict, and, potentially, to deprive Carroll of any opportunity to pursue her

------

And the issue of substitution does not present a pure issue of law; to the
contrary, as the D.C. Court of Appeals recognized, the scope-of-employment
inquiry is "fact-intensive."  *Trump*, 292 A.3d at 230.  Consideration of the merits
of the substitution motion would require remand to the District Court to make
findings of fact in the first instance.  *See, e.g.*, *Bowles*, 685 F. App'x at 24 ("We
review the district court's legal conclusions regarding the denial of immunity *de
novo*, and its factual findings for clear error."); *Bello v. United States*, 93 F. App'x
288, 289 (2d Cir. 2004) (summary order) ("A district court will conduct *de novo*
review of a § 2679(d) certification if plaintiffs allege with particularity facts
relevant to the scope-of-employment issue." (citation and quotation marks
omitted)); *accord Cholewa v. United States*, No. 23-1278, 2024 WL 869550, at *3 (6th
Cir. Feb. 29, 2024) ("We cannot make the necessary findings in the first instance,
so we must vacate the order and remand for findings of fact.").

claims. As this Court observed in a prior opinion in this matter, a successful motion to substitute would result in this matter being governed by the FTCA. *See Carroll*, 49 F.4th at 765-66. Under the FTCA, the United States consents to suit and thereby waives its sovereign immunity in certain matters, but with important exceptions, including one that is squarely applicable here: "The FTCA, expressly, does *not* waive the sovereign immunity of the United States for the tort of defamation, *see* 28 U.S.C. § 2680(h). So substituting the United States in place of Trump means the failure of Carroll's defamation lawsuit." *Id.* at 766 (emphasis added). The Movants' decision to forego certification until now prevented the District Court from considering this case-dispositive issue in the first instance – ahead of both the summary judgment ruling and jury trial. *See De Martinez*, 515 U.S. at 420.

After several years of litigation, at substantial cost to all parties, and a significant victory for Carroll, it is simply too late to bring this motion. Fairness and equity dictate that the motion to substitute be denied.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the motion to substitute the United States as a party pursuant to 28 U.S.C. § 2679(d) is **DENIED**.